UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Israel Bonilla-Granados,<br><br>                    *Plaintiff,*<br><br>v.<br><br><br>Bagel Choice, Inc. d/b/a Bagelman-Deliman, and Boris Gushchin,<br><br>                    *Defendants.* | No. 20-cv-4519<br><br>COMPLAINT |

Plaintiff Israel Bonilla-Granados, by and through his attorneys, alleges as follows:

Preliminary Statement

1. For years, plaintiff Israel Bonilla-Granados ("plaintiff" or "Mr. Bonilla") worked long hours – about 50 or more hours per week – as a baker and deli worker, for Bagel Choice (d/b/a Bagelman-Deliman) in Merrick, New York, and its owner, Boris Gushchin (collectively "Bagel Choice" or "defendants"). Notwithstanding these long hours, defendants, did not pay Mr. Bonilla overtime for his work. Instead—year after year, in willful and systematic violation of federal and New York law—defendants paid Mr. Bonilla only a flat hourly rate for all of his hours of work.

2. In addition, defendants deducted money from Mr. Bonilla's paychecks, ostensibly to pay taxes. However, when his tax forms arrived every year, the forms

regularly showed that defendants had remitted less to the government than they deducted from Mr. Bonilla's pay.

3. To remedy these and other legal violations, plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law. Plaintiff seeks, *inter alia*, his unpaid wages, liquidated damages, and damages for other violations of New York Labor Law.

## Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 201 *et seq.* (FLSA), and 8 U.S.C. § 1343.

5. The Court has jurisdiction over plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claims are parts of the same case or controversy as plaintiff's federal claim because they arise out of the same employment and pay circumstances.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

7. Defendants reside and/or do business in this district.

## Parties

8. Mr. Bonilla is a resident of New York State.

9. At all times relevant to this action, Mr. Bonilla was a non-exempt employee of defendants within the meaning of the FLSA and New York Labor Law.

10. Defendant Bagel Choice, Inc. is a New York corporation with its principal place of business located at 84 Merrick Avenue, Merrick, New York. It operates as a bagel shop and delicatessen that does business at that address as "Bagelman-Deliman."

11. Defendant Boris Gushchin is an individual who, upon information and belief, was an owner of Bagel Choice, Inc. at times relevant to this action. As discussed below, he was personally involved in management of plaintiff's hours and pay.

12. Defendants are engaged in commerce as defined by 29 U.S.C. § 203.

13. On information and belief, defendants have a gross volume business of not less than $500,000 per year

14. The business had about ten employees.

15. The business had gross sales of about $2,000 to $5,000 per day during the time Mr. Bonilla worked there.

16. At times relevant to this action, defendants were employers of plaintiff within the meaning of the FLSA and New York Labor Law. Boris Gushchin set Mr. Bonilla's payrate and hours and typically paid him personally.

17. Plaintiff consents in writing to becoming a party plaintiff in this action (see Exhibit 1, attached).

<u>Factual Allegations</u>

18. Plaintiff Israel Bonilla Granados worked as a bagel baker and deli worker at Bagel Choice, Inc. d/b/a Bagelman-Deliman from about 1999 through April 2020.

19. Mr. Bonilla's regular schedule was about 50 hours minimum per week throughout his employment at Bagel Choice. At busy times, typically in the summer, he would work longer hours.

20. Mr. Bonilla arrived at work at 3 a.m. six days per week, Tuesdays through Sundays. He typically worked until about 11 a.m. on Tuesdays, Thursdays, and Fridays. On Wednesdays, he worked to about 7 a.m. On weekends, he worked longer hours

because there were many customers. Typically, on Saturdays he would work until about 1 p.m. and on Sundays until about 3 p.m.

21. Defendants did not have Mr. Bonilla punch in or otherwise record his hours.

22. At first, Mr. Bonilla made bagels and did general stocking and cleaning in the deli. Later, he learned to bake the bagels and became the deli's bagel baker.

23. Mr. Bonilla was initially paid about $7.75 per hour when he started working for defendants; this rate increased over the years to $16 per hour in about 2017.

24. Mr. Bonilla was sometimes paid by handwritten check with no paystub, and sometimes paid in cash.

25. Although plaintiff consistently worked more than forty hours each week, defendants never paid plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate, as is legally required.

26. In about 2017, Mr. Gushchin told Mr. Bonilla he would pay $800 per week for 50 hours of work. If Mr. Bonilla worked more than 50 hours, Mr. Gushchin paid for the additional time at $16/hour straight time.

27. On weeks when Mr. Bonilla was paid by check, defendants regularly took deductions from Mr. Bonilla's pay, which they claimed were for taxes. However, Mr. Bonilla's W-2 forms consistently show only a portion of the money that defendants deducted was actually remitted to the government.

28. For example, Mr. Bonilla received checks for the weeks ending 8/7/17 and 9/18/17 in the amount of just over $700 and $600 respectively. During these weeks, Mr.

Bonilla worked at least about 50 hours, so at the promised rate of $16/hour, his gross pay would be expected to be about $800.

29. As evidenced by Mr. Bonilla's net pay of just over $700 and $600, defendants took "tax deductions" of well over $100 per week in these weeks. This was their typical practice. Mr. Bonilla's 2017 W-2, however, shows that defendants remitted to the government only about $1445 total in taxes, less than $30 per week.

30. Mr. Bonilla complained about the tax deduction issue on several occasions. Defendants responded that they would continue to do the tax accounting in their own way.

31. On a regular basis, especially on weekends, the interval between the beginning and the end of plaintiff's workday exceeded ten hours. However, plaintiff was never paid an additional hour at the minimum wage on the days in which his spread of hours exceeded ten hours, as required by 12 N.Y.C.R.R. § 146-1.6.

32. Defendants failed consistently to furnish to plaintiff written notices of his wage rate, or of changes in his wage rate, or a written disclosure of the other information required by NYLL § 195(1).

33. In addition, defendants failed consistently to furnish proper and accurate wage statements to plaintiff as required by New York Labor Law § 195(3).

34. Defendants failed consistently to post, in a visible and accessible location, the required posters informing employees of their rights under the FLSA and under New York Labor Law. As a result, the FLSA and New York Labor Law statute of limitations should be equitably tolled to allow plaintiff to recover for legal violations during his entire period of employment.

35. Defendant Boris Gushchin had the power to establish, and did establish the terms of plaintiff's employment, including setting Mr. Bonilla's pay and hours.

36. On information and belief, during the course of his employment, plaintiff handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

37. At all times relevant to this action, defendants have employed about ten individuals, including plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

38. The actions and omissions described were willful. Mr. Bonilla made repeated attempts to address the pay issues with defendants, including his complaints about tax deductions set forth above.

39. Additionally, on one occasion in 2017, in response to Mr. Bonilla's request to clarify his pay, Mr. Gushchin gave Mr. Bonilla a pay stub, falsely listing Mr. Bonilla as a salaried employee earning $704 per pay period.

40. On other occasions, such as in April 2016, Mr. Gushchin gave Mr. Bonilla employment verification letters falsely stating that Mr. Bonilla earned $500 bi-weekly.

41. In an effort to avoid litigation, Mr. Bonilla wrote to his employer through counsel in early June inviting resolution. Settlement attempts have been unsuccessful to date.

## FIRST CAUSE OF ACTION
**(Fair Labor Standards Act)**

42. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

43. Defendants willfully failed to pay plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour plaintiff worked above forty (40) hours in a work week. This failure violates the Fair Labor Standards Act, 29 U.S.C. § 207(a) and its implementing regulations.

44. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

45. Plaintiff is entitled to his unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

46. Plaintiff is also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

47. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law)

48. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

49. Defendants willfully failed to pay plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate for every hour he worked above forty (40) hours in a single work week

50. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

51. Plaintiff is entitled to his unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the

Defendants' unlawful actions and omissions in accordance with New York Labor Law §§ 198, 663, and 681.

52. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

### THIRD CAUSE OF ACTION
### (New York Labor Law – Unlawful Deductions)

53. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

54. Throughout Mr. Bonilla's employment, defendants routinely made improper deductions or from his wages as set forth above.

55. The deductions made by defendants did not benefit the plaintiff but were for the benefit of defendants.

56. The deductions were not permitted by statute and were not authorized in writing.

57. The deductions were in violation of New York Labor Law § 193.

58. For defendants' violation of New York Labor Law § 193, Plaintiff is entitled to damages in the amount of all improper deductions.

59. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

### FOURTH CAUSE OF ACTION
### (New York Labor Law – Spread of Hours)

60. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

61. Plaintiff regularly worked days in which the end of his work shift was more than ten (10) hours from the beginning of his work shift.

62. Defendants, in violation of 12 N.Y.C.R.R. § 146-1.6, never paid plaintiff an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of plaintiff's work day was more than ten (10) hours.

63. Plaintiff is entitled to his unpaid spread of hour pay as mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

64. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Wage Notice and Wage Statement Violations)

65. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

66. Defendants failed to provide plaintiff, at the time of his hiring or thereafter, wage notices in his primary language containing his rates of pay and other information as required by New York Labor Law § 195(1).

67. Defendants failed to provide plaintiff with accurate wage statements with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

68. For defendants' violation of New York Labor Law § 195(1), plaintiff is entitled to $50 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-b).

69. For defendants' violation of New York Labor Law § 195(3), plaintiff is entitled to $250 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

70. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

WHEREFORE, plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring defendants violated the FLSA and New York Labor Law;

c. granting judgment to plaintiff on his FLSA claims and awarding plaintiff his unpaid wages and an equal amount in liquidated damages;

d. Granting judgment to plaintiff on his New York Labor Law claims and awarding plaintiff his unpaid wages, spread of hours compensation, unlawful deductions, applicable statutory damages, and liquidated damages as provided for by statute;

e. Awarding plaintiff prejudgment and post judgment interest as allowed by law;

f. Awarding plaintiff his costs and reasonable attorneys' fees; and

g. Granting such further relief as the Court deems just and proper.

DATED:     New York, NY
           September 24, 2020

        KAKALEC LAW PLLC

        _____
        Maia Goodell
        195 Montague Street, 14th Floor
        Brooklyn, NY 11201
        (212) 705-8730
        (646) 759-1587 (fax)
        maia@kakaleclaw.com