

MAIA GOODELL
OF COUNSEL
MAIA@KAKALECLAW.COM

30 April 2021

**By ECF** (Courtesy Copy by Priority Mail)

Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
1014 Federal Plaza
Central Islip, NY 11722

      Re:    *Bonilla-Granados v. Bagel Choice, Inc. and Boris Gushchin*
               Case No. 2:20-cv-04519 (SJF)(ARL)

Dear Judge Lindsay:

      We represent plaintiff Israel Bonilla Granados. We write this letter jointly with counsel for defendants, Bagel Choice, Inc. and Boris Gushchin, pursuant to the Court's March 30, 2021 Order respectfully to submit the parties' joint motion for approval of the attached proposed settlement (Ex. 1). This settlement was reached at a mediation with EDNY mediator Giulio Zanolla on February 23, 2021, pursuant to the Court's FLSA Mediation Referral Order (Dec. 14, 2020, ECF. No. 11, "Order").

      As noted in the attached Settlement and Release Agreement (the "Agreement") signed by the parties (Ex. 1), defendants will deliver payment within 45 days of the Court's approval of this motion. Plaintiff will file the stipulation of dismissal upon receipt of payment. Plaintiff respectfully requests that the Court retain jurisdiction and permit the case to be reopened within 60 days of approval of the settlement or until the stipulation of dismissal is filed, whichever is earlier.

### I.   BACKGROUND

<u>Plaintiff's Position</u>

      As set forth in the Complaint (ECF No. 1), plaintiff Israel Bonilla-Granados brought this case against Bagel Choice, Inc. d/b/a Bagelman-Deliman, and Boris Gushchin. Mr. Bonilla alleges he worked for defendants from about 1999 through April 2020, that his regular schedule was about 55 hours per week, and that he was not paid overtime or spread of hours, as required by the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6. Plaintiff further alleges that he did not receive

information required by NYLL § 195. Finally, plaintiff alleges that deductions were taken from his pay which purported to be for taxes, but which were not remitted to the government.

### Defendants' Position

Defendants assert that Plaintiff was paid appropriately for all hours worked. Specifically, Defendants assert that Plaintiff's weekly work schedules show that he typically worked 5 days per week, often worked shifts that were less than 8 hours long, was rarely scheduled to work more than 40 hours in any given week, and that Plaintiff held at least 2 other jobs over the course of his employment at Bagel Choice. Defendants also deny that there were any unlawful deductions from Plaintiff's wages and assert that Plaintiff's payroll records, consisting of bi-weekly paystubs, annual W-2s, handwritten journals, and other records, demonstrate that Plaintiff was compensated appropriately for all hours worked.

## II. **SETTLEMENT TERMS**

In the attached Agreement, the parties have agreed to settle the claims for $40,750.00, after more than nine hours of mediation on February 23, 2021. The parties had previously engaged in approximately three months of pre-litigation negotiations, exchanged hundreds of pages of documents, and prepared written mediation statements; additional terms were negotiated in the weeks following the mediation. As such, the settlement represents a reasonable compromise of *bona fide* disputes.

The parties respectfully seek approval of the settlement with the following breakdown of the funds:

- $30,000 to Mr. Bonilla;
- $10,750 as attorneys' fees and costs; and
- As additional consideration, Defendants have agreed to pay the entire amount of the mediator's costs associated with the February 23, 2021 mediation, in lieu of splitting those costs with the Plaintiff.

This is a fair and reasonable settlement because (1) the hours worked were contested, with disputed time records; (2) the alleged deductions were disputed on factual and legal grounds; (3) there were various legal disputes including the amount of the NYLL § 195 claims, and the computation method for damages; and (3) plaintiff desires to resolve this matter with his former employer promptly and with certainty, particularly because Bagel Choice is a small business which may be suffering economic hardship due to COVID.

## III. **Fairness Analysis**

The Court must approve the parties' settlement prior to dismissal of this FLSA case to ensure it is fair and reasonable. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015); *Castagna v. Hampton Creek, Inc.*, No. 16-CV-760, 2016 WL 7165975, at *1 (E.D.N.Y. Dec. 6, 2016).

This Agreement is fair under the factors courts have set forth for this analysis, following the Second Circuit's mandate in *Cheeks*: "(1) the plaintiffs' range of possible recovery; (2) the

extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

### A. Range of Possible Recovery

1. Plaintiff's Damages

The parties ultimately agreed that a $30,000 recovery for plaintiff is a fair and reasonable compromise.

Plaintiff's Position

Plaintiff calculated a maximum recovery of approximately $51,569 plus liquidated damages and statutory penalties, with a possibility of a higher amount if a different, contested, computation method is used.[1] This amount is based on estimates of 55 hours per week, 48 weeks per year; it is also based on 2 days per week where total work time exceeded 10 hours for spread of hours pay, and on alleged unlawful $96 biweekly tax deductions. Defendants contest the number of hours but have no formal time records; plaintiff disputes the informal handwritten schedules that they contend support their claims.

Defendants' Position

Defendants vigorously disputed Plaintiff's claims in this action. As mentioned above, Defendants produced Plaintiff's weekly work schedules, handwritten journal entries, and other wage and hour records which they argued demonstrated that Plaintiff rarely worked in excess of 40 hours in any given week. However, as Defendants do not have wage and time records for every single week covering Plaintiff's employment, the Parties would need to rely upon witness testimony to determine the total number of hours which Plaintiff worked as well as Plaintiff's regular and overtime rates of pay. Thus, due to the fact-intensive nature of these inquiries, it is likely that substantive answers to these disputed issues would not be resolved until after trial.

Based on these disputes, the Parties engaged in good-faith, arms-length settlement negotiations. The Parties made several concessions during the mediation with respect to, among other things, the hours Plaintiff worked in any given week, Plaintiff's hourly and overtime wages, the credibility of Defendants' wage and hour records for any given week, and Plaintiff's likelihood of success on his unlawful deductions claim.

---

[1] Plaintiff argued that, under the Hospitality wage order, if he is misclassified Mr. Bonilla's regular rate is calculated by dividing his total pay by 40 hours even when he worked more hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5. Defendants disagreed with this method and argued that Plaintiff understood that he was compensated for all hours worked and, as such, the half-rate method of calculating damages should be used.

2. Attorneys' Fees and Costs

Plaintiff is also entitled to payment of hourly attorneys' fees and costs under both the FLSA and NYLL. The attorneys' fees and costs settlement amount is **$10,750**. That figure represents a very substantial compromise of the lodestar amount. Attorney time is detailed in an exhibit to the accompanying Affirmation of Maia Goodell, which is attached to this letter as Exhibit 2.

An often-quoted 2014 case held, "Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300–$450 for partners, $200–$325 for senior associates, $100–$200 for junior associates, and $60–80 for legal support staff." *Mendez v. Casa Blanca Flowers, Ltd.*, No. 12-CV-5786, 2014 WL 4258943, at *6 (E.D.N.Y. July 8, 2014), *report and recommendation adopted*, No. 12-CV-5786, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014).

The continued market accuracy of these 2014 rates is questionable, but even these rates easily support the award here. In a single-plaintiff FLSA case, the Southern District of New York noted that "due consideration for the passage of time" warranted increasing counsel's reasonable rate from $450 in 2012 to $500 in 2014. *Guallpa v. N.Y. Pro Signs Inc.*, No. 11 CIV. 3133, 2014 WL 2200393, at *12 (S.D.N.Y. May 27, 2014), *report and recommendation adopted* No. 11 CIV. 03133, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014). Because the fee award in this case is reasonable even using the long-recognized rates there is no need to reach the question of current rates.

The time involved was substantial. Plaintiff sent an initial demand letter on June 9, 2020, and the parties negotiated for many months prior to the court filing. As noted, prior to the mediation, the parties exchanged hundreds of pages of documents; plaintiff provided a detailed mediation letter to respond to the many legal and factual arguments that defendants had advanced. Plaintiff's full attorneys' fees as of April 21, 2021 are $30,375, as detailed in the accompanying records and summarized below.

| Maia Goodell (Attorney, 2001 JD) | $450/hour | 46.8 hours | $28,080 |
|---|---|---|---|
| Abigail Ramos (Law Clerk) | $150/hour | 5.1 hours | $2,295 |
| Total Lodestar Fees through 4/21/21 | | | **$30,375** |

Because the settlement is approximately one-third of the lodestar amount, the agreed fees are reasonable.

For the purposes of this application, defendants take no position with respect to the reasonableness of plaintiff's lodestar computation.

### B. Avoiding Burdens/Expenses and Litigation Risk

Throughout this litigation, the parties have held significantly different viewpoints on the underlying facts of this matter and defendants' potential liability. Fundamentally, the parties

dispute the number of hours that plaintiff claims to have worked in any given week, plaintiff's regular and overtime rates of pay, and whether any unlawful deductions were taken from plaintiff's wages.

Litigation risks for plaintiff include proof of the hours he worked, proof of amounts paid/deductions, and defendants' ability to pay following a prolonged litigation. Plaintiff's proof of his hours and pay would have been primarily his testimony and that of witnesses. In addition, there are several questions of law which the parties continue to dispute, including tolling of the statute of limitations and applicability of parts of the notice penalties, New York Labor Law § 195, given that plaintiff began work before it took effect.

In light of the significant litigation risks outlined above, the Parties believe that the settlement amount is a fair recovery. All parties are also motivated to avoid the burden and expense of depositions, motion practice, and trial. As such, rather than move forward with lengthy and costly litigation, plaintiff prefers to settle now for an amount that he would be guaranteed to receive under the terms of the settlement.

In light of these factors, the settlement represents a reasonable compromise of the *bona fide* disputes in this matter. The settlement eliminates these risks and ensures that Mr. Bonilla will promptly receive compensation in this matter.

### C. Arms-length bargaining/risk of fraud

As noted, this settlement represents the culmination of approximately eight months of substantial negotiations, including a nine-hour mediation with a professional mediator on this Court's panel. The settlement discussions were arm's length, involved no fraud or collusion, demonstrate compromise by both parties, and involved counsel experienced in wage and hour matters on both sides.

### D. Settlement Provisions

(1) *Release*:   The release extends only to wage and hour claims. *Compare Castagna*, 2016 WL 7165975, at *2 (release of claims arising under theories of liability unrelated to claims alleged in the case too broad to be approved).

(2) *Non-disparagement clause*:   The agreement does include a limited, and mutual, non-disparagement clause, which reflects both parties' desire for finality in this settlement. It allows truthful statements about the litigation and the employer. As such, it is similar to provisions other Courts have approved. *See*, *e.g.*, *Lesser v. TIAA Bank, FSB*, No. 19-CV-1707, 2020 WL 6151317, at *2 (S.D.N.Y. Oct. 20, 2020).

(3) The parties did not include a confidentiality provision and have specifically included language in the agreement making it clear that nothing in the agreement precludes the parties from truthfully communicating their experiences concerning the litigation.

In sum, for all of these reasons, the settlement here is fair, reasonable, and adequate to the plaintiff, and the parties respectfully request that the Agreement be approved by the Court.

Respectfully submitted,

Maia Goodell

Encls.

cc: Solomon Abramov, Esq. (by ECF)
      Keith Gutstein, Esq. (by ECF)