# Exhibit 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff, Israel Bonilla-Granados ("Plaintiff") and Defendants, Bagel Choice, Inc. d/b/a Bagelman-Deliman ("Bagel Choice") and Boris Gushchin ("Gushchin") (together, "Defendants").

**WHEREAS**, Plaintiff commenced an action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), bearing Case No. 2:20-cv-04519-SJF-ARL (the "Action") by filing a Complaint on September 24, 2020 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") (the "Action");

**WHEREAS**, Defendants timely filed an Answer to the Complaint on December 14, 2020 denying the allegations made by Plaintiff;

**WHEREAS**, on February 23, 2021, Plaintiff and Defendants (collectively, the "Parties") engaged in Court-referred mediation with mediator Giulio Zanolla, Esq., during which time a settlement in principal was reached;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation; and

**WHEREAS**; this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.  In consideration of the payment by Defendants of the gross sum of Forty Thousand Seven Hundred and Fifty Dollars and Zero Cents ($40,750.00) (the "Settlement Amount"),

1

Plaintiff hereby releases and forever discharges Bagel Choice and each of Bagel Choice's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, and Nonna Guschina and Boris Gushchin and their heirs, executors, administrators, agents, successors and assigns, as well as anyone employed by any of the Defendants, anyone deemed by Plaintiff to be an "employer" during his employment with any of the Defendants, and Defendants' predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff and/or his heirs, executors, administrators, agents, successors, and assigns, have, had or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, the New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including, but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidates damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions).

2.     The Parties agree to execute a "Stipulation of Dismissal With Prejudice" in the form annexed hereto as **Exhibit A**, which counsel for Plaintiff shall file with the Court within seven (7) days after receipt of the Stipulation of Dismissal with Prejudice signed by Defendants' counsel

and the payments set forth in Paragraph 3. Plaintiff's counsel will file a Joint Motion for Approval of the Settlement Agreement within seven (7) days after the following conditions are met: (a) counsel for Defendants receives a duly executed Agreement signed and notarized by Plaintiff; (b) counsel for Defendants receives a completed IRS Form W-4 for Plaintiff; (c) counsel for Defendants receives a completed IRS Form W-9 for Plaintiff; (d) counsel for Defendants receives a completed IRS Form W-9 for Plaintiff's counsel; and (e) counsel for Defendants receives a Stipulation of Dismissal with Prejudice signed by Plaintiff's counsel, which will be held in escrow until after payment of the Settlement Amount.

3. The Parties agree that the Settlement Amount shall be paid as follows:

   a. Within forty-five (45) days after the date on which the Court approves the Settlement Agreement, Defendants shall pay the Settlement Amount by issuing:

      i. One (1) check payable to "Israel Bonilla-Granados" in the gross amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages, for which an IRS Tax Form W-2 shall be issued;

      ii. One (1) check payable to "Israel Bonilla-Granados" in the total amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), representing payment for Plaintiff's allegations for liquidated damages and penalties, for which an IRS Tax Form 1099 shall be issued; and

      iii. One (1) check payable to "Kakalec Law PLLC" in the total amount of Ten Thousand Seven Hundred Fifty Dollars and Zero Cents

($10,750.00), representing payment for all attorneys' fees, expenses, expert fees and costs, for which an IRS Form 1099 shall be issued.

4. As additional consideration, Defendants agree to pay the entire amount of the mediator's costs associated with the February 23, 2021 mediation, in lieu of splitting those costs with the Plaintiff.

5. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning his employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledge that there exists no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, then, to the extent allowed by law, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. This Agreement shall also bar Plaintiff from receiving any monetary award or compensation in connection with said charge, or any charge filed on Plaintiff's behalf.

6. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action relating to any potential Wage and Hour Violations, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7. Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

8. Plaintiff agrees that he shall not make any: (a) statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by any Defendant, and Defendant's workplace, or any Defendants' business practices; or (b) negative statement, written, oral or electronic, about any Defendant, any employee Plaintiff knows to be employed by any Defendant, any Defendant's workplace, or any Defendant's business practices. Plaintiff further agrees to take no action which is intended, or would reasonably be expected, to harm any Defendant, or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Defendant. Defendants similarly agree not to disparage Plaintiff. Notwithstanding the provisions of this Paragraph, Plaintiff and Defendants shall be entitled to make truthful statements about Bagel Choice and their experiences litigating this Action.

9.     The Parties agree that if a court of competent jurisdiction finds that either party materially breached the Agreement, in addition to any remedies available in law or equity for a breach thereof, the prevailing party shall be entitled to its costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provision and/or defending any action(s) in addition to any damages that may be awarded in connection with said breach.

10.    Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicaid has paid conditional payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

11.    Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his employment with any of the Releasees or anytime thereafter throughout the date of this Agreement.  Plaintiff further represents and warrants that no Medicare or Medicaid payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from his alleged relationship with any of the Releasees.  Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any of the Releasees are pursued for payment in connection with this settlement and Plaintiff's position as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify the Releasees and hold Releasees harmless in full.

12.    The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common

6

law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

13. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

16. This Agreement contains all the terms and conditions agreed upon by the Parties with regard to unpaid wages, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

17. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Bagel Choice and Gushchin, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiff, Maia Goodell, Esq., Kakalec Law PLLC, 195 Montague Street, 14th Floor, Brooklyn, New York 11201, (212) 705-8730, maia@kakaleclaw.com.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

_ISRAEL Bonilla Granados_
ISRAEL BONILLA-GRANADOS

STATE OF NEW YORK    )
                     ) s.s.
COUNTY OF Nassau     )

On _April 16_, 2021, before me personally came ISRAEL BONILLA-GRANADOS, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_[signature]_
NOTARY PUBLIC
DENNIS A. HENRIQUEZ
Notary Public, State of New York
No. 01HE6160802
Qualified in Nassau & Certified in Queens
Commission Expires February 12, 2023

9

BAGEL CHOICE, INC.
D/B/A BAGELMAN-DELIMAN

*Boris Gushchin*

By: Boris Gushchin
Title: Owner

STATE OF NEW YORK      )
                       ) s.s.
COUNTY OF Kings        )

On April 20th, 2021, before me personally came Boris Gushchin who acknowledged himself to be the Owner of BAGEL CHOICE, INC. D/B/A BAGELMAN-DELIMAN and that he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for BAGEL CHOICE, INC. D/B/A BAGELMAN-DELIMAN.

NOTARY PUBLIC
JULIE KVYATKOVSKY
Notary Public, State of New York
No. 01KV5055345
Qualified in Kings County
Commission Expires 04/06/2022

*Boris Gushchin*
BORIS GUSHCHIN

STATE OF NEW YORK      )
                       ) s.s.
COUNTY OF Kings        )

On April 20th, 2021, before me personally came BORIS GUSHCHIN, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC
JULIE KVYATKOVSKY
Notary Public, State of New York
No. 01KV5055345
Qualified in Kings County
Commission Expires 04/06/2022

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Israel Bonilla-Granados,

                          Plaintiff,                  Case No.:  2:20-cv-04519- SJF-ARL

      -against-

                                                  **STIPULATION OF DISMISSAL**

Bagel Choice, Inc. d/b/a Bagelman-Deliman,
and Boris Gushchin,

                          Defendants.
-------------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs to any party; and

        **IT IS FURTHER STIPULATED AND AGREED** that a copy of this Stipulation shall be considered an original for all purposes, and

        **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

        This Stipulation may be filed with the Court without any further notice.


                          **[THIS SPACE IS INTENTIONALLY LEFT BLANK]**

<table>
<tr><td>Dated: New York, New York<br>   April __, 2021<br><br>KAKALEC LAW, PLLC<br>*Attorneys for Plaintiff*<br><br><br>By: _____<br>  Maia Goodell, Esq.<br>  195 Montague Street, 14th Floor,<br>  Brooklyn, New York 11201,<br>  (212) 705-8730</td><td>Dated: Woodbury, New York<br>   April __, 2021<br><br>KAUFMAN DOLOWICH & VOLUCK, LLP<br>*Attorneys for Defendants*<br><br><br>By: _____<br>  Keith Gutstein, Esq.<br>  Solomon Abramov, Esq.<br>  135 Crossways Park Drive, Suite 201<br>  Woodbury, New York 11797<br>  T: (516) 681-1100</td></tr>
</table>

**SO ORDERED**: _____